IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE JARAMILLO,

    Plaintiff,

  v.                                                                                                   No. CIV 12-0155 JP/GBW

TIM HATCH,
LT. S. HAISTEN,
DEAN TORRES,
CHERYL FRAISER,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original Complaint (Doc. 1) and Motion For Leave to File an Amended Complaint (Doc. 5). The motion is construed as an amended complaint, and the two documents are referred to herein as the "Complaint." Plaintiff was incarcerated when he filed his complaint, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The central claim in Plaintiff's original complaint is that Defendants have denied him mental health treatment. Plaintiff alleges that when he learned his grandmother had died, he suffered serious mental distress. Defendants Torres and Fraiser denied Plaintiff's initial requests for mental health treatment for approximately 25 days. Plaintiff also alleges that a Sgt. Brown and Defendant Haisten restrained him and violated his right of medical confidentiality. Plaintiff also filed a motion to amend (Doc. 5), which he refers to as "this amended complaint," and which the Court construes as the first amended complaint in this action. The amended complaint names three additional Defendants and alleges that Plaintiff was subjected to retaliatory harassment and a further violation of his right of medical confidentiality. His grievances have been denied. The Complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendant Senior Warden Hatch. Plaintiff makes no factual allegations against this Defendant affirmatively linking him to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendant Hatch.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Hatch are DISMISSED, and Defendant Hatch is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the Complaint (Docs. 1, 5), for Defendants Torres, Fraiser, Haisten, Kear, Snedden, and Rye.

_____
SENIOR UNITED STATES DISTRICT JUDGE